**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHER DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| AMY S. VOLPERT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 08 C 1117 |
| ) | |
| BLATT, HASENMILLER, LEIBSKER & ) | Judge Kendall |
| MOORE, LLC, and RJM ACQUISITIONS LLC, ) | |
| ) | Magistrate Judge Cox |
| Defendants. ) | |
| ) | |

## MOTION FOR RULE TO SHOW CAUSE

Defendant, RJM ACQUISITIONS LLC ("RJM"), by and through its attorneys David M. Schultz and Nabil G. Foster of Hinshaw & Culbertson LLP, moves this Court for entry of an order compelling Dr. David Edelberg and WholeHealth Chicago to comply with a record subpoena and that Dr. David Edelberg and WholeHealth Chicago be ordered to show cause why they should not be held in contempt of Court for willfully refusing to comply with a subpoena for records. In support of its motion, RJM states the following:

1. Dr. David Edelberg works at WholeHealth Chicago, located at 2522 North Lincoln Ave, Chicago, IL 60614.

2. Plaintiff identified Dr. David Edelberg and WholeHealth Chicago as the medical facility where Plaintiff received medical treatment for her injuries that Plaintiff claims are related to the conduct of the Defendants in this case.

3. During Plaintiff's deposition, the Plaintiff granted Defendants' counsel permission to obtain her medical records. Counsel for RJM sent Plaintiff's counsel a HIPAA release for the Plaintiff to sign.

4. On September 17, 2007, counsel for RJM obtained a proper HIPAA release signed by the Plaintiff from Plaintiff's counsel for the express purpose of issuing a subpoena for Plaintiff's medical records from Dr. David Edelberg and WholeHealth Chicago.

5. On September 18, 2008, RJM issued a subpoena for Plaintiff's medical records from Dr. David Edelberg and WholeHealth Chicago. That subpoena and the HIPAA release are attached as Ex. A.

6. The Plaintiff's medical records were to be produced by October 3, 2008. Counsel's office for RJM contacted Dr. David Edelberg's office at WholeHealth Chicago on October 1, 2008 to inquire whether they will comply with the subpoena.

7. A representative for Dr. David Edelberg and WholeHealth Chicago, named Amy, advised RJM's counsel's office that they had received the subpoena and that the policy of WholeHealth Chicago is to contact the patient before releasing any medical records.

8. Dr. David Edelberg and WholeHealth Chicago were advised that a valid HIPAA release was attached to the subpoena and that they should produce the medical file by October 3. Amy told RJM's counsel's office that the medical file would be faxed on or before October 3, 2008.

9. Dr. David Edelberg and WholeHealth Chicago failed to produce any documents on October 3, 2008.

10. On October 7, 2008, RJM's counsel's office called Dr. David Edelberg and WholeHealth Chicago and spoke with Amy again. Dr. David Edelberg's and WholeHealth Chicago's representative, Amy, advised RJM's counsel's office that Dr. Edelberg does not want to be involved with this case and that Plaintiff's medical file would not be produced.

11. On October 7, 2008, Ms. Amy Stevens from Dr. Edelberg's office faxed RJM's counsel's office a letter, attached as Ex. B., that states:

> We have received your request for medical records regarding Ms. Amy Volpert. Her file is available however Dr. Edelberg prefers to be removed from the case and therefore were [sic] will not be sending you a copy of her records.

12. The medical records of the Plaintiff are necessary because the Defendants must be able to evaluate the Plaintiff's allegations that the conduct of Defendants caused Plaintiff to suffer personal injury damages.

13. Federal Rule 45(e) states:

> (e) CONTEMPT. The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

14. In this case, Dr. David Edelberg and WholeHealth Chicago were properly served with a subpoena for Plaintiff's medical records and there is no adequate excuse for Dr. David Edelberg's and WholeHealth Chicago's failure to comply with the subpoena for records. Dr. Edelberg's desire not to be involved with this litigation is not an adequate excuse for intentionally refusing to comply with a subpoena.

15. A district court has inherent power to enforce compliance with its lawful orders and mandates by awarding civil contempt damages, including attorneys fees. See *Shillitani v. United States*, 384 U.S. 364, 86 S.Ct. 1531, 16 L.Ed.2d 622 (1966); *Compers v. Buck's Stove and Range Co.*, 221 U.S. 418, 31 S.Ct. 492, 55 L.Ed. 797 (1910); *Toledo Scale Co. v. Computing Scale Co.*, 261 U.S. 399, 43 S.Ct. 458, 67 L.Ed. 719 (1922); *Folk v. Wallace Business Forms, Inc.*, 394 F.2d 240 (4th Cir. 1968). Civil contempt sanctions are properly imposed for two reasons: to compel compliance with the court order and to compensate the complainant for losses caused by contemptuous actions. *Id*. Also, attorney's fees may be awarded in contempt proceedings at the

court's discretion. *Tranzact Technologies, Inc. v. 1Source Worldsite*, 406 F.3d 851, 855 (7th Cir. 2005)

16. A subpoena is a lawfully issued mandate of the court and it is the responsibility of every citizen to respond to a court's mandate. See generally *United States v. Bryan*, 339 U.S. 323, 70 S.Ct. 724, 94 L.Ed. 884 (1950). Moreover, it is within this court's power to force that response. See Fed. R. Civ. P. 45(e).

17. In the case at bar, despite being served with a proper subpoena and a HIPAA release to produce Plaintiff medical file, Dr. David Edelberg and WholeHealth Chicago and its agents have willfully and knowingly chosen to disregard the subpoena in this litigation. Accordingly, Defendant RJM asks this Court to enter an order requiring Dr. David Edelberg and WholeHealth Chicago and its agents to produce the Plaintiff's complete medical record within seventy-two (72) hours of the entry of a Court Order compelling same, and also be ordered to show cause why they should not be held in contempt of Court for willfully refusing to comply with the subpoena.

WHEREFORE, the Defendant, RJM ACQUISITIONS LLC, respectfully requests this Court grant its Motion for Rule to Show Cause and (1) Order Dr. David Edelberg and WholeHealth Chicago fully respond to Defendant's subpoena for records in seventy-two (72) hours from the entry of said order; (2) Order Dr. David Edelberg and WholeHealth Chicago and its agents to show cause why they should not be held in contempt of Court for failing to comply with the subpoena; (3) award RJM ACQUISITIONS LLC its fees and costs associated with bringing this motion; and (4) whatever other such relief the Court finds equitable and just under the circumstances.

Date: October 10, 2008

Respectfully submitted,

RJM ACQUISITIONS LLC

By: s/ Nabil Foster_____
One of the Attorneys for Defendant

David M. Schultz (Atty. No. 6197596)
Nabil G. Foster (Atty. No. 6273877)
HINSHAW & CULBERTSON LLP
222 N. LaSalle Street, Suite 300
Chicago, Illinois 60601-1081
Phone No: (312) 704-3000
Fax No: (312) 704-3001
E-mail Address: dschultz@hinshawlaw.com
nfoster@hinshawlaw.com

6370044v1 888635 62611

**CERTIFICATE OF SERVICE**

I, Nabil G. Foster, an attorney, certify that I shall cause to be served a copy of the **MOTION FOR RULE TO SHOW CAUSE** upon the following individual(s), by deposit in the U.S. mail box at 222 North LaSalle Street, Chicago, Illinois 60601, postage prepaid, before the hour of 4:00 p.m., messenger delivery, Federal Express, facsimile transmitted from (312) 704-3001, or electronically via the Case Management/Electronic Case Filing System ("ECF") as indicated, this 10th day of October 2008.

| | | |
|---|---|---|
| _X_ | CM/ECF | ***Attorneys for Plaintiff*** |
| ___ | Facsimile | Jason G. Shanfield |
| ___ | Federal Express | SHANFIELD LAW FIRM, LTD. |
| ___ | Mail | 833 North Hoyne Avenue |
| ___ | Messenger | Chicago, Illinois 60622 |
| | | (312) 638-0819 |
| | | jason@shanfieldlawfirm.com |
| | | |
| _X_ | CM/ECF | ***Attorneys for Defendant,*** |
| ___ | Facsimile | ***BLATT, HASENMILLER, LEIBSKER & MOORE, LLC*** |
| ___ | Federal Express | |
| ___ | Mail | David L. Hartsell |
| ___ | Messenger | Amy R. Jonker |
| | | McGUIREWOODS LLP |
| | | 77 W. Wacker Drive, Suite 4100 |
| | | Chicago, Illinois 60601-1815 |
| | | (312) 849-8100 |
| | | (312) 849-3690 Fax |
| | | dhartsell@mcguirewoods.com |
| | | ajonker@mcguirewoods.com |
| | | |
| | | AND |
| | | |
| | | Gregory R. Dye |
| | | BLATT, HASENMILLER, |
| | | LEIBSKER & MOORE, LLC |
| | | 125 S. Wacker Drive |
| | | Suite 400 |
| | | Chicago, Illinois 60643 |
| | | (312) 704-9333 |
| | | gdye@bhlmlaw.com |
| | | |
| ___ | CM/ECF | Dr. David Edelberg |
| _X_ | Facsimile | WholeHealth Chicago |
| ___ | Federal Express | 2522 North Lincoln Ave, |
| _X_ | Mail | Chicago, IL 60614 |
| ___ | Messenger | (773) 296-1131 Fax |

6370044v1 888635 62611

s/ Nabil Foster_____
One of the Attorneys for Defendant,
RJM ACQUISITIONS LLC

David M. Schultz (Atty. No. 6197596)
Nabil G. Foster (Atty. No. 6273877)
Attorneys for Defendant
HINSHAW & CULBERTSON LLP
222 N. LaSalle Street, Suite 300
Chicago, Illinois 60601-1081
Phone No: (312) 704-3000
Fax No: (312) 704-3001
E-mail Address:    dschultz@hinshawlaw.com
                   nfoster@hinshawlaw.com

6370044v1  888635  62611